IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WAYNE LADELL TAYLOR, JR.                                          PETITIONER
*ADC # 151240*


V.                              CASE NO. 5:16-CV-00219-JM-JTK


WENDY KELLEY, Director                                            RESPONDENT
Arkansas Department of Correction


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (DE # 1) be DISMISSED with prejudice.

## Procedural History

Petitioner was charged on September 29, 2010, with aggravated robbery, theft of property, first-degree battery, felon-in-possession of a firearm, and commission of a terroristic act. (Record at 1-3) A Pulaski County Circuit Court found Petitioner guilty of all of the charges except the firearm-enhancement charge, and he received an aggregate sentence of sixty-seven (67) years in the Arkansas Department of Correction. (Record at 49-52)

On November 2, 2012, Petitioner timely appealed his conviction to the Arkansas Court of Appeals. (DE # 8-2) On direct appeal, the Petitioner argued that the trial court erred in: (1) excluding evidence that one of the alleged victims had a shotgun in his truck; (2) allowing the

State to amend the first-degree battery information at the closing of the State's case; and (3) instructing the jury on accomplice liability. *Id.* The Arkansas Court of Appeals affirmed Petitioner's convictions on February 27, 2013. *Taylor v. State*, 2013 Ark. App. 146 (2013).

Petitioner subsequently filed a timely Rule 37 petition, asserting two grounds for relief. First, Petitioner argued that he was entitled to cross-examine the alleged victims regarding the fact that they were not charged with possession of marijuana and that his counsel's waiver of this issue on direct appeal constituted ineffective assistance of counsel. Second, Petitioner claimed that he was improperly convicted of both battery in the first degree and aggravated robbery in violation of Ark. Code Ann. § 5-13-201(a)(4), because the first-degree battery charge is a lesser-included offense of aggravated robbery. (DE # 8-4, p. 13-20) A hearing was held on January 23, 2014, and the State conceded that Petitioner was subjected to double jeopardy on the charges of aggravated robbery and first-degree battery and agreed to complete a modified sentencing order dismissing the first-degree battery charge and the sentence for such charge. (DE # 8-8, p. 2) The court denied the Rule 37 as to the motion in limine issue, concluding that the jury had adequate information about the victims being present in the park to purchase marijuana and that the ineffective assistance claim failed the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner appealed the decision on October 13, 2014. The Arkansas Supreme Court affirmed the circuit court's denial of Petitioner's ineffective assistance of counsel claim. (DE # 8-8)

On July 18, 2016, Petitioner timely filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting one claim:

> The Arkansas Supreme Court's determination that Petitioner's constitutional claims were not preserved for direct appeal was an unreasonable determination of the facts and thus the court's holding that counsel on direct appeal was not deficient was an unreasonable application of *Strickland.*

(DE # 1)  Respondent filed her response on August 31, 2016, arguing that Petitioner's petition should be dismissed because the question at issue is not cognizable in federal habeas review and further that Petitioner's claim is meritless.  (DE #8)

## Discussion

A. *Whether the court's determination that Petitioner's constitutional claims were not preserved for direct appeal was an unreasonable determination of the facts.*

The first part of Petitioner's argument alleges that the Arkansas Supreme Court incorrectly applied a state procedural bar when it determined that Petitioner's constitutional claims were not preserved for direct appeal.  It is well established that "federal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984).  Instead, this Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2241; *Rose v. Hodges,* 423 U.S. 19, 21 (1975) (*per curiam* ).  The Eighth Circuit has held that errors in the interpretation and application of state law do not rise to the level of a constitutional violation cognizable in a federal habeas petition.  *Higgins v. Smith*, 991 F.2d 440, 442 (8th Cir. 1993).  Therefore, because Petitioner's argument concerns only a state law issue, it does not present a cognizable issue for federal habeas review.

While the analysis could cease here, the Court finds it necessary to further discuss the reasons for its recommendation that the petition should be denied, even if Petitioner had raised an issue cognizable for federal habeas review.  Because the Arkansas Supreme Court addressed this claim on the merits, Petitioner must show that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."  28 U.S.C. § 2254(d)(1).  A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or decided differently than the Court on a set of

materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses to extend a legal principle to a new context where it should apply.  *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (citing *Williams*, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect."  *Id.* (quoting *Williams*, 529 U.S. at 410-11).

The record reflects that, at a pretrial hearing, the State moved in limine to prohibit questioning regarding the drugs found in the victims' truck or the lack of charges filed against the victims for possession of marijuana.  (Record at 91-95)  The State argued that the issues were not relevant to trial.  In its opinion, the Arkansas Supreme Court addressed the motion, defense counsel's response, and the trial court's ruling on the motion:

> Taylor argued in response, as follows:
>
>> I think it's extremely relevant.  We're talking about a case that deals with drugs, a drug transaction.  They have drugs in their vehicle.  It's to our defense that they it was actually the other way around, that there was an armed robbery by the defendants—by the alleged victims in this case.  And I think that's relevant to whether or not they, one, were coming to purchase marijuana.  Two, it goes to whether or not—I think it's extremely relevant, first of all, because it involves that.  I mean, this case involves a drug deal.
>
> The State argued in rebuttal that the issue of whether the victims were charged with possession was of absolutely no relevance to Taylor's case, and the trial court quickly agreed and ruled that it was granting that part of the motion in limine. Taylor again argued that he should be able to mention any possession charges existed, but the court reiterated its ruling that the lack of any charges was not relevant to Taylor's case.  They did rule, however, that Taylor could delve into other facts related to the victims' possession, use, and desire to purchase marijuana.
>
> It is clear from the record that Taylor never raised any argument that he had an absolute right to question the witnesses regarding possible bias, nor did he ever raise any issue of his right to confrontation under the Sixth Amendment.  Thus, because those issues were not raised to the trial court, we cannot say that appellate counsel was deficient for failing to challenge the trial court's grant of the State's

5

> motion in limine. Any such issue raised on direct appeal would not have been preserved for appellate review, and appellate counsel cannot be deficient for failing to make an argument wholly without merit.
>
> Before leaving this point, we note that in response to the State's contention that appellate counsel could not have been deficient for failing to raise an argument that was not preserved for appellate review, Taylor asserts that it is clear from the context of the argument raised at trial that he was arguing that the court's limitation on his cross-examination impeded his right to confront the witnesses against him and to put on a defense. In support, he cites to *Rainer*, 2014 Ark. 306, 440 S.W.3d 315, for the proposition that this court has held that an argument need not be explicitly made to be preserved, but rather it is enough that the argument is "apparent from the context." *Id.* at 10 n.2, 440 S.W.3d at 321 n2. Even if we were to agree with Taylor in this respect, we cannot ignore the fact that the circuit court's ruling on the issue was clearly limited to the issue of relevance. The trial court never ruled on any issue of bias or right of confrontation. This court has made it clear that it will not decide issues there were not decided by the lower court. *Smith v. State*, 363 Ark. 456, 215 S.W.3d 626 (2005). Because the circuit court did not rule on those issues, there would have been nothing for this court to review on appeal and, again, appellate counsel cannot be deficient for failing to raise a meritless claim.

*Taylor v. State*. 2015 Ark. 339, at 6-8. Given the argument of defense counsel regarding relevancy alone, it was not unreasonable for the Arkansas Supreme Court to find that Petitioner's constitutional claims were not preserved for appeal. The state court's determination, therefore, was not contrary to, nor did it involve an unreasonable application of, clearly established federal law.

    B. <u>Ineffective Assistance of Counsel</u>

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As quoted above, the Arkansas Supreme Court adjudicated Petitioner's ineffective assistance of counsel claim and analyzed it under *Strickland*. Additionally, the court explained that "counsel's failure to raise a specific issue must have amounted to error of such magnitude that is rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria." *Taylor*, 2015 Ark. 339, at 6-7. This Court has already found that it was not unreasonable for the Arkansas Supreme Court to hold that Petitioner's constitutional claims were not preserved for appeal, and the Eighth Circuit has held that appellate counsel's failure to raise an argument that has been waived cannot be considered deficient performance. *Kitt v. Clarke*, 931 F.2d. 1246, 1250 (8th Cir. 1991). While Petitioner makes the argument that it was "clear from the context of the argument raised at trial he was arguing that the court's limitation on his cross-examination impeded his right to confront the witnesses against him and put on a defense," that argument is simply not supported by the record. Rather, it is clear that trial counsel's sole argument against the State's motion in limine was regarding relevancy. Petitioner's ineffective assistance of counsel claim fails because his appellate counsel was not deficient for failing to raise a meritless claim.

Since failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance of counsel claim, it is not necessary for the Court to examine whether Petitioner was prejudiced by his appellate counsel's failure to argue on appeal that it was error for the trial court to grant the State's motion in limine. *See Strickland*, 466 U.S. at 697 (holding that a court need not address both components of the inquiry if a defendant makes an insufficient showing on one).

Conclusion

Based on the foregoing, it is recommended that the instant petition (DE # 1) be denied and dismissed with prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 2nd day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE